**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERNEST MORRIS, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 08-5717 |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA. | : | |

**MEMORANDUM RE: PETITION FOR HABEAS CORPUS**

**I.      Introduction**

Petitioner Ernest Morris filed a pro se Petition for Writ of Habeas Corpus under 28

U.S.C. § 2254, raising four grounds for relief (Doc. No. 1).  However, since Petitioner is in state

custody prior to receiving a state court conviction, this Court will construe Petitioner's request

pursuant to 28 U.S.C. § 2241.[1]  This Court referred the matter to Chief Magistrate Judge Rueter

for a Report & Recommendation ("R & R") (Doc. No. 3), and the Government responded to

Petitioner's petition (Doc. No. 5).

On March 17, 2009, Judge Rueter recommended that the petition be dismissed without

prejudice for failure to exhaust state court remedies (Doc. No. 8).  Petitioner did not object to the

R & R.  Upon independent and thorough review, this Court will deny Petitioner's Writ of Habeas

Corpus, but writes separately from the R & R and bases dismissal on different grounds relating to

Petitioner's first claim, violation of double jeopardy.

---

[1]Section 2254 habeas relief applies where a person is "in custody pursuant to the
judgment of a State court."  28 U.S.C. § 2254(b)(1).  Section 2241 applies where a person is "in
custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
2241(c)(3).  Challenges to pre-trial incarceration are properly brought pursuant to § 2241.  See
Paladino v. King, 247 Fed.Appx. 393 (3d Cir. 2007); see also Moore v. DeYoung, 515 F.2d 437,
441-43 (3d Cir. 1975) (discussing pre-trial versus post-trial habeas relief).

## II.     Background and Procedural History

On March 24, 2005, Petitioner and two co-Defendants were charged with the January 30-31, 2005 murders of two individuals and an unborn child in the Court of Common Pleas for Montgomery County (C.P No. 46-0005182-2005).  (Answer & Mem. Law Opp'n Pet. 1.)  On August 12, 2005, the Commonwealth filed notice of intent to seek the death penalty.  (Id.)  On January 12, 2006, after eight days of jury selection, Petitioner's jury trial commenced.  (Id.)

During his opening statement, the prosecutor remarked that Petitioner's co-defendant had given a statement regarding Petitioner and the other co-defendant.  (Hr'g Tr. 54:15-21, Jan. 12, 2006.)  Specifically the prosecutor stated: "I'm going to focus for a moment on Riz [co-defendant Maurice Jones] . . . .  He gave a statement, gave a statement to police.  And in that statement he was asked whether he knew Mikey [co-Defendant Harold Murray] or Dinero [Petitioner]."  Id.  Co-defendant's counsel objected, arguing at a sidebar conference that the prosecutor's statement constituted a violation of Bruton v. United States, 391 U.S. 123 (1968), in that admission of a non-testifying co-defendant's statement implicating the defendant violates the defendant's Sixth Amendment right to cross-examination.  (Id. at 54:22-56:15.)  Defense counsel moved for a mistrial.  (Id.)  The trial judge, Judge Hodgson, denied the motion for mistrial but gave a curative instruction to the jury, and the lawyers continued their opening statements.  (Id. at 57:14-15; 59:15-24.)

However, later in the day, Judge Hodgson reread the offending statement into the record and heard additional argument from counsel as to the potential Bruton violation.  (Id. at 104-116.)  After doing independent research, asking counsel to submit cases overnight, and hearing additional argument the next morning, Judge Hodgson granted a mistrial the next day, January

13, 2006.  (Hr'g Tr. 33:25-34:26, Jan. 13, 2006.)  In considering the issue, Judge Hodgson stated that she "poured over [the relevant cases] for hours."  (Id. at 17:24-25.)  She further stated, "I will admit that it is an unusual circumstance or unusual set of circumstances under which the violation occurred.  As a result, I don't attribute any evil motives or any purposeful intent to prejudice the Co-Defendants by your [prosecutor's] action."  (Id. at 33:7-12.)

On January 17, 2006, Petitioner filed a motion to bar retrial based on double jeopardy, claiming that the prosecutor's actions were deliberate and undertaken to prejudice Petitioner. (Def.'s Pet. Bar Prosecution ¶ 10.)  Judge Hodgson denied the motion from the bench that day and subsequently filed a written opinion.  (Ans. Ex. B, App. A.)  In that opinion, Judge Hodgson reiterated that there was no evidence of prosecutorial bad faith or intent to deny the defendants a fair trial.  (Id. at 6.)  Moreover, Judge Hodgson stated that the defendants' theory of prosecutorial intent was "premature, speculative, and illogical."  (Id. at 7.)  Petitioner appealed to the Superior Court.

On January 7, 2008, the Superior Court affirmed the trial judge's order in an unpublished opinion.  (Ans. Ex. A); see also Commonwealth v. Morris, 947 A.2d 829, 165 EDA 2006 (table) (Pa. Super. Jan. 7, 2008).  The court found that Petitioner's co-defendant's statement did not present a Bruton problem because it did not directly incriminate Petitioner or his other co-defendant and was therefore admissible.  (Id. at 10-12.)  However, even assuming a Bruton violation, the court found no evidence of intentional misconduct that would constitute a double jeopardy violation to bar re-trial.  (Id. at 6.)  The court found this case readily distinguishable from cases in which the prosecutor's conduct was egregious.  (Id.)

Petitioner missed the deadline to file an allowance of appeal with the Pennsylvania

Supreme Court, but the court granted his application to file an appeal <u>nunc pro tunc</u> on

September 25, 2008.  (Ans. 4.)  Petitioner filed a petition for allowance of appeal with the

Pennsylvania Supreme Court on January 15, 2009.  (<u>Id.</u>)  On January 27, 2009, the

Commonwealth indicated it would not be filing an opposition brief.  <u>See</u> <u>Commonwealth v.

Morris</u>, 48 MAL 2009 (Pa. Docket).  On May 27, 2009, the Pennsylvania Supreme Court denied

Petitioner's Petition for Allowance of Appeal.  <u>Commonwealth v. Morris</u>, 972 A.2d 521 (table)

(Pa. May 27, 2009).

Petitioner filed a habeas petition with this Court on December 9, 2008 (Doc. No. 1), in

which he raised the following claims:

(1)     Double jeopardy motion should have been granted by the trial court or

        Pennsylvania Superior Court;

(2)     Defendant was charged by way of Information, not Grand Jury Indictment or

        Presentment.  Informations are vague and indirect;

(3)     Defendant has been denied his right to counsel, due process and right to counsel

        of his choice; and

(4)     Defendant has been denied his right to appeal.

(Pet. 6.)  The Commonwealth responded February 24, 2009 (Doc. Nos. 5, 6).  Prior to the

Pennsylvania Supreme Court's decision denying Petitioner's appeal, Chief Magistrate Judge

Rueter issued an R & R on March 17, 2009, recommending that the petition be dismissed for

failure to exhaust (Doc. No. 8).  Petitioner did not file objections to the R & R.

**III.     Summary of Magistrate's Report & Recommendation**

Chief Magistrate Judge Rueter found that each of Petitioner's claims were unexhausted.

As to Petitioner's double jeopardy claim, the magistrate found that principles of comity and judicial economy required the habeas court to stay habeas review until the outcome of Petitioner's appeal to the Pennsylvania Supreme Court.  The magistrate noted that although there is an "exception to the preclusion of pretrial habeas review" where state defendants object to retrial based on double jeopardy grounds, citing Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F.2d 1227, 1234 (3d Cir. 1992), and although an appeal to the Pennsylvania Supreme Court is not necessary to satisfy the exhaustion requirement,[2] here the court should require Petitioner to finish his appeal in the Pennsylvania Supreme Court.  (R & R 4.)  Judge Rueter reasoned that a federal court's power to exercise habeas jurisdiction over pretrial detainees should respect the relationships of state and federal courts and avoid unnecessary conflict.

As to Petitioner's remaining three claims—charging by a vague information, denial of right to counsel, and denial of right to appeal—the magistrate found that these claims were unexhausted since they were not raised in Petitioner's appeal to the Superior Court.

Although the magistrate's R & R noted that Petitioner may file objections and that failure to file objections may constitute a waiver of any appellate rights, Petitioner failed to file an objection.

**IV.     Discussion**

Since Petitioner did not raise objections to the Magistrate's R & R, this court is not

---

[2]Per Order No. 218 by the Pennsylvania Supreme Court on May 9, 2000, federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement for federal habeas claims.  See Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004.)  Therefore a final decision by the Pennsylvania Superior Court is sufficient for a claim to be exhausted.

required to review Petitioner's claims de novo.  See Medina v. Diguglielmo, 461 F.3d 417, 426 (3d Cir. 2006) ("Pursuant to Rule 8(b) of the Rules Governing Section 2254 Cases, a district court is not required to determine de novo whether a magistrate judge erred in failing to consider a claim in his or her report and recommendation if no objection was made by a party on that ground."); Garcia v. Sabol, 2009 WL 1936954, at *1 (M.D. Pa. 2009) ("When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it." (citing Thomas v. Arn, 474 U.S. 140, 149 (1985))).  However, the Third Circuit has stated "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  Therefore, this Court will give "reasoned consideration" to the magistrate's report, id., and exercise its statutory right to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636.

 **A.     Section 2241 Petition Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and "state the facts supporting each ground."  28 U.S.C. § 2254 Rule 2(c) (applicable to § 2241 petitions through Rule 1(b)).  In addition, where exhaustion of administrative remedies is raised, the burden of proving exhaustion lies with the petitioner.  See Coady v. Vaughn, 251 F.3d 480, 488 (3rd Cir. 2001) (citing Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)).  However, the pleadings of pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404

U.S. 519, 92 (1972)).  Thus, a <u>pro se</u> habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney Gen.</u>, 878 F.2d 714, 722 (3d Cir. 1989).

Although § 2241 does not contain the statutory exhaustion requirements contained in § 2254, the same requirements apply.  "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996); <u>see also</u> <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.").  The exhaustion requirement is satisfied when the state courts have considered and had the opportunity to correct any alleged constitutional violations.  <u>Evans v. Court of Common Pleas, Del. County, Pa.</u>, 959 F.2d 1227, 1230 (3d Cir. 1992).  The claim brought in federal court must be "the substantial equivalent of that presented to the state courts" in order for the claim to be exhausted.  <u>Id.</u> at 1231.

Moreover, in the pre-trial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 489 (1973) (citing <u>Ex parte Royall</u>, 117 U.S. 241, 253 (1886)).  Disfavor of pretrial intervention in state criminal proceedings is based on the notion of comity, "a principle of deference and 'proper respect' for state governmental functions in our federal system."  <u>Evans</u>, 959 F.2d at 1234 (citing <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971)).  Therefore, absent "extraordinary circumstances," the Court should "exercise its 'pretrial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state

remedies." <u>Moore v. DeYoung</u>, 515 F.2d 437, 443 (3d Cir. 1975) (citing <u>Braden</u>, 410 U.S. 484).

### B.    Double Jeopardy Claim

Petitioner's first claim is that his motion to bar re-trial based on double jeopardy grounds was improperly denied by the trial court.  When Petitioner filed his habeas petition with this Court, he was seeking an appeal of this claim with the Pennsylvania Supreme Court. Subsequently, the state supreme court denied his appeal and affirmed the trial court.  However at the time of the magistrate's R & R, that appeal was still pending.  Although Chief Magistrate Judge Rueter noted that Petitioner's claim was technically exhausted since he had received a judgment from the Pennsylvania Superior Court on the claim, Chief Magistrate Judge Rueter found that based on comity and judicial economy Petitioner must be required to finish his appeal.

This Court disagrees, and therefore does not adopt the part of the R & R regarding exhaustion of the double jeopardy claim.  First, the Pennsylvania Supreme Court has now completed its consideration of Petitioner's claim, and therefore comity and judicial economy considerations no longer apply.  Second, because Petitioner's claim is based on a pre-conviction double jeopardy violation relating to the grant of a mistrial, the habeas court should reach the merits of the claim regardless of exhaustion in the state court.  This is because a double jeopardy claim constitutes one of the few rare exceptions to normal abstention principles that bar pre-trial habeas review, and, as such, federal court intervention in an ongoing state court criminal proceeding may be warranted.  <u>See</u> <u>Evans</u>, 959 F.2d at 1234 ("Another exception to the preclusion of pretrial habeas review has been posited for a state defendant who seeks to prevent a retrial that would violate the Double Jeopardy Clause."); <u>see also</u> <u>Green v. Court of Common Pleas</u>, 2008 WL 2036828, at *5 (E.D. Pa. May 9, 2008) ("Many courts have recognized that a

colorable double jeopardy clause claim is an example of one of the very few 'unusual circumstances' enunciated in <u>Younger</u> that justifies federal court intervention in a state court proceeding.") (collecting cases from other circuit courts).  "This stems from the fact that the injury to an individual's double jeopardy rights engendered by an illegitimate successive retrial is not less irreparable simply because the prosecution comes under the guise of the state, rather than federal authority."  <u>Green</u>, 2008 WL 2036828, at *6 (citing <u>Walck v. Edmondson</u>, 472 F.3d 1227, 1233-34 (10th Cir. 2007)).  Therefore the R & R should have reached the merits of whether a double jeopardy violation existed.

In reviewing the Record <u>de novo</u>, this Court finds no evidence of a double jeopardy violation to bar re-trial.  The Double Jeopardy Clause bars a state from putting a defendant in jeopardy twice for the same offense.  <u>Benton v. Maryland</u>, 395 U.S. 784, 794 (1969).  However, retrial is not automatically barred by the Double Jeopardy Clause where the criminal proceeding was terminated prior to resolution of the merits of the charges against a defendant.  <u>See</u> <u>Arizona v. Washington</u>, 434 U.S. 497, 505 (1978).  Instead, when a criminal mistrial occurs because of the defendant's own motion, as here, the Double Jeopardy Clause is not implicated absent prosecutorial intent to subvert double jeopardy protections.  <u>Oregon v. Kennedy</u>, 456 U.S. 667, 675-76 (1982).  Therefore double jeopardy bars re-trial "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial."  <u>Id.</u> at 676.  It is the defendant's burden to prove such intent.  <u>United States v. Barnard</u>, 318 Fed.Appx. 143, 145 (3d Cir. 2009).

Petitioner has not claimed or brought forth any evidence of prosecutorial intent to cause a mistrial.  Petitioner's only supporting facts regarding his double jeopardy claim are:

> District attorney did commit prosecutorial misconduct and should be barred from
> a second prosecution.  The Commonwealth never challenged the granting of the
> mistrial of the trial court on the certified record, so the Pennsylvania Superior
> Court shouldn't have considered whether the trial court err [sic] in its decision to
> grant mistrial.

(Pet. 9.)  Mere allegations of "prosecutorial misconduct,"without any suggestion or evidence of intent, do not come close to meeting the standard of a double jeopardy violation as articulated in Oregon v. Kennedy, 456 U.S. at 675.

Moreover, this Court credits Judge Hodgson's finding that the prosecutor's remark was not done to seek a mistrial or with prejudicial intent.  Judge Hodgson witnessed the prosecutor's comment, initially gave a curative instruction regarding the comment, heard lengthy argument about the comment over two separate days, considered the matter overnight, read multiple cases regarding the matter, and declared a mistrial because of the Bruton violation presented by the comment.  Her actions in this regard were careful, measured, and showed an abundance of caution to protect the rights of the accused.  However, she found no evil motive or purposeful intent to prejudice the defendants both on the trial record and in a supporting written opinion. Judge Hodgson was in the best position to assess the nature of the comment and rule on its potential impact, and therefore her finding to this effect will be credited.  The remark occurred during the prosecutor's opening statement, it referred merely to whether Petitioner's co-Defendant knew Petitioner, and it did not incriminate Petitioner's involvement in the charged offenses.  This Court can not find that such a comment was done with the intent to "goad" Petitioner into seeking a mistrial and for the purpose of gaining a second opportunity to try the case.  This Court also doubts whether the statement constituted a Bruton violation and therefore

whether a mistrial was necessary, as reasoned in the Superior Court's decision denying Petitioner's appeal; however this Court need not reach this issue.

Based on the above analysis, this Court finds no violation of Petitioner's rights pursuant to the Double Jeopardy Clause.  Petitioner's double jeopardy claim will be dismissed with prejudice.

### C.      Remaining Claims

Petitioner's remaining claims—charging by a vague Information, denial of right to counsel, and denial of right to appeal—were not raised in Petitioner's appeal to the Pennsylvania Superior Court or his appeal to the Pennsylvania Supreme Court.  Therefore, as noted by the R & R, they are unexhausted and will be dismissed without prejudice.

## V.      Conclusion

For the foregoing reasons, Petitioner's habeas petition will be denied.  Petitioner's double jeopardy claim is denied on the merits, and Petitioner's remaining claims are dismissed without prejudice for failure to exhaust.  Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability will not issue.

An appropriate Order follows.

O:\CIVIL 07-08\08-5717 Morris v. Commonwealth\Memo re habeas petition.wpd